UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RONNIE JOSEPH REAGAN** | **CIVIL ACTION NO. 16-790-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **BOSSIER MEDIUM SHERIFF OFFICE STAFF** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ronnie Joseph Reagan ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 7, 2016. Plaintiff is currently incarcerated at the Tensas Parish Detention Center, but claims his civil rights were violated by prison officials while incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana. He names the Bossier Medium Sheriff Office Staff as defendant.

Plaintiff claims that on December 21, 2015, he began the Steve Hoyle Program. He claims his blood was drawn. He claims he was told that he had bi-polar disorder, depression, anxiety, fluid in his legs, cholesterol problems, high blood pressure, and P.T.S.D. He claims he saw Dr. Flye, a mental health doctor, who diagnosed him as having

these problems. Plaintiff claims he took nine pills in the morning and five pills at night for his conditions.

Plaintiff claims he began passing blood through his rectum. He claims he was seen by Nurse Kim and she prescribed stool softeners for him. He claims the softeners helped at first, but eventually stopped helping.

Plaintiff claims that on May 28, 2016, he filed a report with Nurse Kim for a blood test and check-up because he had severe stomach pains near his liver. He claims he was overmedicated. Plaintiff claims he needed an x-ray of his stomach, but Nurse Kim told him to drink water. He claims he drank water, but still had severe stomach pains.

Plaintiff claims he was housed in a dorm with 75 men. He claims the dorm was kept cold and inmates were not allowed to be under their blankets from 7:00 a.m. until 4:00 p.m. He claims he was indigent and could not go to the commissary to buy a sweatshirt. He also claims indigent inmates were not given underwear, shirts, and socks and had to buy them at the commissary.

Plaintiff claims he only went outside for yard one time a week when it was allowed. He claims not all the showers and sinks worked. He claims the shower temperature was cold. He claims inmates with high blood pressure and diabetes were not fed special diets. He claims there were only cold meals. He claims on weeks days inmates were fed bologna for their second meal. He claims the water had a taste. He claims blankets were washed once a month and sheets were washed once a week. He claims the officers constantly disrespected the inmates. He claims inmates were subjected to racism. He claims there was not a law library. He claims there was no administrative grievance procedure.

Plaintiff claims the beds and bathroom walls had mold on them. He claims there was no disinfectant for sinks, tables, microwaves, and clippers. He claims there were no clean brushes to clean the sinks.

Plaintiff claims the pill call practices were unsanitary because if an officer dropped a pill on the floor, it was still dispensed to the inmate. He also claims officers dispensed medications and not members of the medical department.

Plaintiff claims the razor wire was too short for the yard fences. He claims there was not a medical staff on duty 24-hours a day. He claims there were no exit signs on the back of doors which created a fire hazard. He claims the noise level was high.

Accordingly, Plaintiff seeks monetary compensation and injunctive relief.

## LAW AND ANALYSIS

**Medical Treatment**

Plaintiff claims he was denied proper treatment. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v.

Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that he received blood tests. He admits that he was prescribed medications for his physical and mental medical conditions. He further admits that he was under the care of Dr. Flye, a mental health doctor. Plaintiff admits that he was seen by Nurse Kim and prescribed stool softeners when he passed blood. He admits that he was again seen by

Nurse Kim for severe stomach pains and told to drink water. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment Defendants provided him. He claims he is overmedicated. He also claims he should have received an x-ray of his stomach. He claims inmates with high blood pressure and diabetes are not fed special diets. He claims the medical staff should have been on duty 24 hours a day. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

**Conditions of Confinement**

Plaintiff claims he was housed in a dorm with 75 men. He claims the dorm was kept cold and he was not allowed his blanket between the hours of 7:00 a.m. and 4:00 p.m. He claims he was indigent and had to buy a sweatshirt, underwear, shirts, and socks from the commissary. He claims the shower temperature was cold. He claims that not all the showers and sinks worked. He claims he only went outside for yard once a week. Plaintiff claims he was only fed cold meals. He claims that on week days inmates were fed bologna sandwiches as their second meal. He claims the water had a taste. He claims the blankets were only washed once a month and the sheets were only washed once a week. He claims the officers disrespected the inmates. He claims inmates were subject to racism. Plaintiff claims the beds and bathroom walls had mold. He claims there was no disinfectant for sinks, tables, microwaves, and clippers. He claims there were no clean brushes to clean the sinks. He claims officers dispensed medications and pill call was unsanitary because if a pill fell on the floor it was still dispensed to inmates. He claims the razor wire was too short for the yard fence. He claims there were no exit signs on doors and this created a fire hazard. He claims the noise level was high.

Plaintiff filed these claims pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement

ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court recently defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999). After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds the facts alleged do not support a conclusion that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

After considering the totality of the specific circumstances that constitute the conditions of Plaintiff's confinement, this court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's

basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. The court finds that Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence.

Inmates do not have a protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a per se constitutional violation." Lewis v. Smith, 277 F.3d 1373, 2001 WL 1485821 at *1 (5th Cir.2001); Stewart v. Winter, 669 F.2d 328, 336 n. 19 (5th Cir.1982); see also Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998) (affirming limits on recreation time). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." Lewis, 2001 WL 1485821 at *1 (citation omitted). Plaintiff claims that he was only allowed outside for yard once a week. Plaintiff does not claim he was denied all exercise or that he could not exercise in his dorm.

Plaintiff claims his diet was inadequate. He claims he was only fed cold meals. He claims that on weeks days he was served bologna sandwiches as his second meal. The Constitution mandates that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" Green v. Ferrell, 801 F.2d 765, 770 (5th Cir.1986) (quoting Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977)) (footnote omitted); See also Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir.1996) (per curiam) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" Talib v. Gilley, 138 F.3d 211, 214, n. 3 (5th Cir.1998)(quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115

L.Ed.2d 271 (1991)) (internal quotations omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." Id.

Here, Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id.  Nor did he allege any specific physical harm resulting from the Defendants' alleged dietary failures.  He did not claim that he was at all undernourished, or that he lost weight, or suffered any other adverse physical effects because of the complained of diet.  Plaintiff offered only conclusory allegations that the prison diet was inappropriate and that is insufficient to state a claim for which relief might be granted.

Furthermore, the deprivations alleged by Plaintiff regarding the number of inmates in the dorm, the temperature of the dorm and showers, non-prison issued clothing, the number of working showers and sinks, the taste of the water, the number of times the sheets and blankets were washed in a month, mold on the beds and walls, lack of disinfectant and clean brushes, the unsanitary pill call conditions, the height of the razor wire, the lack of exit signs on doors, and the noise level simply do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S.Ct. at 2324.  Plaintiff does not allege that he did not have a sweatshirt, underwear, shirts or socks, only that it was not issued by the facility.  Furthermore, Plaintiff failed to allege that he sustained any harm or injury as a result of his exposure to the complained of conditions.  In this case, Plaintiff states no facts that would satisfy the threshold requirements for an Eighth Amendment violation.  Thus, the court does not consider the deprivations alleged to be sufficiently serious.

Accordingly, the conditions alleged do not rise to the level of cruel and unusual punishment and should be dismissed with prejudice as frivolous.

**Administrative Remedy Procedure**

Plaintiff claims there was no administrative grievance procedure. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

**Law Library**

Plaintiff claims there was no law library. Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a

prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to allege that he lost the right to commence, prosecute or appeal any suit because of the actions of Defendants. Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Conclusory Allegations**

Plaintiff claims inmates were disrespected by inmates and subject to racism. Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has

abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so. Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 5th day of March, 2019.

Mark L. Hornsby
U.S. Magistrate Judge